1   MARTIN E. ROSEN (SBN 108998)
    mrosen@hinshawlaw.com
2   VIVIAN I. ORLANDO (SBN 213833)
    vorlando@hinshawlaw.com
3   JUSTIN M. PENN (SBN 302350)
    jpenn@hinshawlaw.com
4   Hinshaw & Culbertson LLP
    350 South Grand Ave., Suite 3600
5   Los Angeles, CA 90071-3476
    Tel.: 213-680-2800; Fax: 213-614-7399
6
7   LARRY M. GOLUB (SBN 110545)
    lgolub@sacrowalker.com
8   Sacro & Walker LLP
    700 North Brand Boulevard, Suite 610
9   Glendale, California 91203
    Tel.: (818) 721-9597; Fax: (818) 721-9670
10
    Attorneys for Defendant
11  UNITED OF OMAHA LIFE INSURANCE COMPANY

12              **UNITED STATES DISTRICT COURT**

13            **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN NIEVES, Individually and on Behalf of the Class, | Case No.: 3:21-cv-1415-H-KSC |
| Plaintiff, | (Hon. Marilyn L. Huff) |
| vs. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B), OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT OR TO STRIKE PURSUANT TO F.R.C.P. 12(E) AND (F)** |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, a Nebraska Corporation; and DOES 1 through 10, Inclusive, | |
| Defendants. | |
| | [Filed concurrently with Motion; and Declaration of Angela Gomez] |
| | Date:      December 13, 2021 Time:      10:30 a.m. Courtroom: 15A (15th Flr.) |
| | [Court to provide further call-in Information prior to the hearing] |

1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

CASE NO. 21-CV-1415-H-KSC
1043312\309450985.v1

**TO THE COURT, TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:**

On a motion to dismiss, the Court may consider matters of which it can take judicial notice. *Reese v. Malone*, 747 F.3d 557, 568-69 (9th Cir. 2014). Pursuant to Federal Rule of Evidence 201(b) (1) and (2), Defendant United of Omaha Life Insurance Company ("United") hereby respectfully requests that the Court take judicial notice of the following documents, all of which are attached to and authenticated by the supporting Declaration of Angela Gomez filed concurrently herewith or referenced in and attached directly to Plaintiff Marilyn Nieves' ("Plaintiff") First Amended Complaint ("FAC"):

- **Exhibit A:** Policy No. BU1792147, the $30,000 life insurance policy at issue in the above-entitled lawsuit, which policy United issued on June 6, 2016 to Plaintiff insuring the life of her son and which includes the 60-day Grace Period Amendment Rider (the "Policy"), an incomplete version of which is attached to Plaintiff's FAC as Exhibit A

- **Exhibit 1:** The "Third Party Notice Request Form" completed by Plaintiff at the time of application for the Policy (designating herself at her address of record)

- **Exhibit 2:** A March 25, 2021 letter from United to Plaintiff's counsel, Sarah Ball

- **Exhibit 3:** A November 17, 2020 letter from United to Plaintiff, which is referenced in the March 25, 2021 letter to Plaintiff's counsel

- **Exhibit 4:** A July 23, 2021 letter from United to Plaintiff's counsel, Sarah Ball

## <u>ARGUMENT</u>

In ruling on motion to dismiss, the court may consider any matter that is subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Castrellon v. Fitness Club Mgmt., LLC*, 2018 U.S. Dist. LEXIS 226199, at *3-4 (C.D.

2

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

CASE NO. 21-CV-1415-H-KSC
1043312\309450985.v1

Cal. June 6, 2018). Rule 201(b) provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *Papai v. Harbor Tug & Barge Co.*, 67 F. 3d 203, 207 n.5 (9th Cir. 1995); *rev'd on other grounds*, 520 U.S. 548 (1997).

The authenticity of each of the Exhibits listed above is not subject to reasonable dispute and can be readily determined from sources whose accuracy cannot reasonably be questioned. *Id.* Therefore, United's request for judicial notice should be granted as to each Exhibit. Specifically, there can be no reasonable dispute here as to the authenticity of the documents that Plaintiff relies on in paragraphs 72, 73, 75 (portions of the Policy and its 60-day Grace Period Amendment Rider (Exhibit A to the FAC)) and 92 (the letter in May 2021 (which is actually dated March 25, 2021, Exhibit 2 referenced herein), where United indicated it believed it may have made a mistake concerning the termination of the Policy).  Likewise, there is no reasonable dispute as to the authenticity of any of the other documents attached hereto as Exhibits 1, 3 and 4.

Further, judicial notice of Exhibit A and Exhibits 1 through 4 is also appropriate under the incorporation by reference doctrine. In ruling on a motion to dismiss, the Court can consider a document if it is "central" to the claims (*Marder v. Lopez*, 450 F. 3d 445, 448 (9th Cir. 2006); *Daniel-Hall v. Nat'l Educ. Ass'n*, 629 F. 3d 992, 998 (9th Cir. 2010)). A court's consideration of documents or other material attached to, incorporated by reference, subject to judicial notice, or upon which the complaint relies does not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). As the *Ritchie* court observed:

"A court may . . . consider certain materials – documents attached to

3

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

CASE NO. 21-CV-1415-H-KSC
1043312\309450985.v1

the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment. . . . Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*

The documents that United has asked this Court to take judicial notice of (the Policy as attached to the FAC, the designation notice given at the time of application, the March 25, 2021 letter (and the November 17, 2020 letter referenced therein), and the July 23, 2021 letter stating the Policy has been administratively reinstated without the payment of past due premiums), are incorporated by reference in that they are referenced specifically in the FAC or form the basis of the claims and, thus, they are properly subject to judicial notice and may be relied upon by the Court in deciding this Motion to Dismiss. "The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *Id.* (internal quotation marks omitted).

Accordingly, United's request for judicial notice of all of the above identified documents/information should be granted.

DATED:  November 5, 2021

HINSHAW & CULBERTSON LLP

SACRO & WALKER LLP

By: /s/ Vivian I. Orlando
Attorneys for Defendant
United of Omaha Life Insurance
Company
E-mail:  vorlando@hinshawlaw.com

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

# CERTIFICATE OF SERVICE

*Nieves v. United of Omaha Life Insurance Company*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **November 5**, I served the document(s) entitled REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B), OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT OR TO STRIKE PURSUANT TO F.R.C.P. 12(E) AND (F) on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **November 5, 2021**, at Los Angeles, California.

*Lea Borys*
Lea Borys

## SERVICE LIST

### *Nieves v. United of Omaha Life Insurance Company*

### Case No. 3:21-CV-01415-W-KSC

| | |
|---|---|
| Jack B. Winters, Esq.<br>Georg M. Capielo, Esq.<br>Sarah Ball, Esq.<br>WINTERS & ASSOCIATES<br>8489 La Mesa Boulevard<br>La Mesa, CA 91942<br>Tel: (619) 234-9000<br>Fax: (619) 750-0413<br>Email: jackbwinters@earthlink.net<br>        gcapielo@einsurelaw.com<br>        sball@einsurelaw.com<br>Attorneys for Plaintiff<br>Marilyn Nieves, Individually and on<br>Behalf of the Class | Craig M. Nicholas, Esq.<br>Alex Tomasevic, Esq.<br>NICHOLAS & TOMASEVIC, LLP<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>Tel: (619) 325-0492<br>Fax: (619) 325-0496<br>Email: cnicholas@nicholaslaw.org<br>        atomasevic@nicholaslaw.org<br>Attorneys for Plaintiff<br>Marilyn Nieves, Individually, and on<br>Behalf of the Class |